Filed 7/26/24  P. v. Titus CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083338 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD125595) |
| BILLY LOUIS TITUS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with instructions.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Alana Butler and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Billy Louis Titus appeals the denial of his motion for resentencing under Penal Code[1] section 1172.75.  Concluding the trial court's ruling was based on an erroneous interpretation of section 1172.75, we reverse and remand for full resentencing.

In 1997, when Titus was 25 years old, a jury convicted him of two counts of kidnapping during the commission of a carjacking (§ 209.5, subd. (a); counts 1 and 2) and found true two enhancement allegations that the offenses were committed against victims 65 years of age or older (§ 667.9, subd. (a)).  The trial court found true that Titus's criminal record included two prior felony convictions for which he had served prison terms.  (§ 667.5, former subd. (b).)

Later that year, the trial court sentenced Titus on count 1 to life with parole plus one year for the elderly victim sentencing enhancement.  It imposed the same sentence on count 2 and ran it concurrently with the sentence on count 1.  Turning to the two prior prison terms, the court stated, "[w]ith respect to the prison term, add of one year consecutive, I will stay those."  The abstract of judgment thus reflects that Titus's sentence includes two prior prison term enhancements under section 667.5, former subdivision (b) (hereafter "section 667.5(b)"), each bearing the notation "S" for "stay."

Nearly 25 years later, effective January 1, 2022, section 1172.75 was added to the Penal Code by virtue of the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.).  (Stats. 2021, ch. 728, § 3.)  Section 1172.75 provides that certain sentence enhancements "imposed prior to January 1, 2020"

---

[1]     Unspecified statutory references are to the Penal Code.

pursuant to section 667.5, subdivision (b), are "legally invalid." (§ 1172.75, subd. (a).) It directs the Department of Corrections (CDCR) to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" unless the court finds a lesser sentence would endanger public safety. (*Id.*, subd. (d).)

In 2023, the CDCR identified Titus as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5(b). The trial court issued a tentative order denying relief and appointing counsel to represent Titus. Titus then filed a motion seeking a full resentencing hearing under section 1172.75. On November 16, following a hearing, the trial court issued an order finding Titus ineligible for any relief. The court reasoned his prior prison term enhancements had been stayed, such that he was not currently serving any additional time as a result of the enhancements. In the court's view, the enhancements therefore had not been "imposed" within the meaning of section 1172.75, subdivision (a). The court cited *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*) in support of its interpretation of section 1172.75. Titus appealed.

The sole issue presented on appeal is whether the trial court erred in its interpretation of section 1172.75. Titus contends that it did, and that the statute affords relief to all defendants whose sentences include a prior prison

3

term enhancement, whether it was imposed and executed or imposed and stayed. The People contend the court did not err, because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed. On our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we conclude Titus has the better argument. Accordingly, we will reverse the order and remand for full resentencing.

The proper interpretation of section 1172.75 in this context has now been the subject of four published appellate opinions. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–48; *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*).) In *Renteria*, the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria*, at p. 1282.) The Sixth Appellate District reversed, holding "imposed" includes "enhancements that are imposed and then *executed* as well as those that are imposed and then *stayed*." (*Ibid*. [cleaned up].)

In *Rhodius*, the Court of Appeal reached the opposite conclusion, relying heavily on *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*), in which the California Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed. Examining section 1172.75 as a whole, the *Rhodius* court observed subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length of a sentence is if it had been imposed and executed.

4

(*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44.) It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence," including a legislative analysis that found sentencing enhancements "put significant financial burdens on taxpayers and families statewide." (*Rhodius*, at pp. 46–47 [cleaned up].)

This court, in *Christianson*, rejected a narrow interpretation of section 1172.75 and held section 1172.75 applies to cases in which the inmate's abstract of judgment includes one or more section 667.5(b) enhancements that were previously imposed but stayed. (*Christianson, supra*, 97 Cal.App.5th at p. 305.) Although we considered the word "imposed" in section 1172.75, subdivision (a), to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed*." (*Christianson,* at p. 311.) We observed subdivision (a) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed." (*Christianson*, at p. 311.) We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of judgment available to the CDCR to determine whether" the enhancements had been stayed. (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted to encompass stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75. We explained that when a punishment is stayed, "the trial

5

court retains the ability to lift the stay and impose the term under certain circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312.)  And while in *Gonzalez, supra*, 43 Cal.4th at page 1126, the California Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling.  In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences[.]"  (*Christianson*, at p. 314.)  And we found the legislative history to be consistent with our reading of section 1172.75.  (*Christianson*, at p. 316.)

In *Saldana*, the Third Appellate District concluded that section 1172.75 broadly affords relief to all defendants with a now-invalid section 667.5(b) enhancement, regardless of whether execution of the enhancement was stayed.  In doing so, it relied on reasoning from *Christianson*, and disagreed with the *Rhodius* court's view that defendants whose sentences include stayed enhancements would not be subject to a lesser sentence if their enhancement was stricken.  (*Saldana, supra*, 97 Cal.App.5th at pp. 1277, 1278.)

Turning back to this case, Titus asks us to interpret section 1172.75 as we did in *Christianson* to include all cases in which the trial court imposed a prior prison term as a part of the original judgment.  He observes this outcome is consistent with the outcomes in *Renteria* and *Saldana*.  In response, the People ask us to follow *Rhodius* rather than *Christianson*, hold that section 1172.75 does not apply to an imposed and stayed section 667.5(b)

6

enhancement, and strike the stayed enhancements on the ground they resulted in an unauthorized sentence.

We decline the People's request. "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9 (*Sapp*).) *Christianson* is a decision of this appellate division, and the People have not provided us with a compelling reason for reconsidering it. Although they assert that *Rhodius* is "well-reasoned," we were aware of *Rhodius* when we decided *Christianson* and we expressly disagreed with the *Rhodius* court's interpretation of section 1172.75. (See *Christianson, supra,* 97 Cal.App.5th at p. 316, fn. 8.)

The only basis on which the People attempt to distinguish *Christianson* is with respect to our observation that a stayed enhancement "continues to carry the potential for an increased sentence in certain circumstances" such that its removal provides relief, thus resulting in a lesser sentence for purposes of subdivision (d)(1) of section 1172.75. (See *Christianson, supra,* 97 Cal.App.5th at p. 312.) The People contend this observation does not apply to persons, like Titus, whose sentences have been upheld on appeal. (See *People v. Titus* (Oct. 8, 1998, D029164) [nonpub.opn].) We are not persuaded. Sentences can be invalidated for reasons other than a successful appeal, for example, as the result of a successful habeas petition or legislative changes to our state's sentencing laws (of which recent history provides numerous examples). That a particular defendant's sentence has been upheld on appeal does not mean there exists no remaining potential for execution of his stayed prior prison term enhancements.

Accordingly, we adhere to the reasoning and holding of *Christianson* and conclude section 1172.75 affords relief to defendants like Titus whose

7

abstracts of judgment include one or more section 667.5(b) enhancements that were previously imposed but stayed. Titus is therefore entitled to a full resentencing upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

DISPOSITION

The order denying Titus's motion for resentencing pursuant to section 1172.75 is reversed and the matter is remanded with instructions to the court to issue a new order granting Titus's motion.

DO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

8